# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SOLORIO-GONZALEZ,<br><br>       Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | CASE NO. 07CV2114 *related to* 02CR2846<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255**<br><br>(Doc. No. 88.) |

   Petitioner Antonio Solorio-Gonzalez, proceeding through counsel, has filed a motion for relief under 28 U.S.C. § 2255 from his January, 2004 conviction for one count of bringing in an illegal alien for financial gain and one count of bringing in an illegal alien without presentation. (Doc. No. 88.) On November 7, 2007, the Court ordered respondent to show cause why petitioner's motion should not be granted. On December 10, 2007, respondent filed an opposition to the motion. (Doc. No. 91.) Petitioner did not file a reply. For the following reasons, the Court denies petitioner's motion.

## **BACKGROUND**

   Petitioner was arrested at the San Ysidro Port of Entry on October 7, 2002 when an inspection of the van he was driving revealed an adult male concealed in a storage space in the ceiling. (Petitioner's Memorandum In Support Of Motion at 5.) By indictment of October 23, 2002, the Grand Jury charged petitioner with one count of bringing in illegal aliens for financial gain and one count of bringing in illegal aliens without presentation. (Doc. No. 6.) Initially,

1   Adam M. Ruben represented petitioner and Assistant United States Attorney Jennifer DeTrani
2   represented the government.  AUSA DeTrani offered to drop the two counts of bringing in illegal
3   aliens in exchange for petitioner's substantial assistance and a guilty plea to a violation of 18
4   U.S.C. § 545, bringing merchandise into the United States without declaring it to an immigration
5   officer.  (Memo. ISO Motion at 5.)  Prior to providing AUSA DeTrani with any information,
6   petitioner signed a written "proffer agreement."  The agreement stated the government had made
7   no promises regarding alternative disposition or sentencing recommendation.  (Id. at 6.)  Petitioner
8   then had "at least two" meetings with the government in which he provided addresses, license
9   plates, and names of other individuals who he claimed were involved in alien smuggling.  (Id.)
10  Between the first and second meetings, Sylvia A. Baiz substituted in as defense counsel for Mr.
11  Ruben, and sent the government at least one letter offering the government additional information
12  from her client.  (AUSA DeTrani Memorandum, Doc. No. 91-2.)  After these meetings, AUSA
13  DeTrani left the United States Attorney's Office.  Ms. Baiz asked Damon Forney, the new AUSA
14  on the case, if the "deal" was still on the table.  AUSA Forney, assuming Ms. Baiz was referring to
15  the "standard deal," a guilty plea to one of the two charged offenses, said yes.  (Memo. ISO
16  Motion at 6.)  When he learned Ms. Baiz actually meant a plea to a violation of Section 545,
17  AUSA Forney contacted Ms. Baiz to say this offer was not authorized by the AUSA DeTrani's
18  supervisors at the U.S. Attorney's Office.  (Id.)

19      Ms. Baiz filed a motion for specific enforcement of the AUSA DeTrani's plea offer or the
20  offer mistakenly affirmed by AUSA Forney.  The Court denied the motion at a hearing on
21  September 8, 2003.  (Doc. No. 38.)  Ms. Baiz then moved for reconsideration, and after a second
22  hearing on October 6, 2003, the Court again denied the motion.  (Doc. No. 42.)

23      After a two-day trial, the jury found petitioner guilty of both counts on January 7, 2004.
24  On May 17, 2004, the Court denied petitioner's motion for downward departures and sentenced
25  petitioner to 36 months of custody for each count, to run concurrently, and supervised release for
26  three years as to each count, to run concurrently.  The Ninth Circuit Court of Appeals affirmed
27  petitioner's conviction in an unpublished decision on July 5, 2006.  U.S. v. Solorio-Gonzalez, 188
28  F. App'x 631 (9th Cir. 2006).  The Supreme Court denied petitioner's petition for writ of certiorari

on November 6, 2006.  On November 5, 2007, petitioner filed the instant motion.

## **DISCUSSION**

Legal Standard

Under 28 U.S.C. § 2255, the court may vacate, set aside, or correct a sentence which was "imposed in violation of the Constitution or laws of the United States."  To establish a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The proper measure of attorney performance is "simply reasonableness under prevailing professional norms."  Id. at 688.  In determining whether counsel's errors prejudiced the defense, the court must consider whether "the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."  Id. at 696.

Petitioner's Claims

1.Ineffective Assistance of Counsel – The Proffer Agreement

First, petitioner claims he received ineffective assistance of counsel from Mr. Ruben.  He argues Mr. Ruben should have obtained the Section 545 offer in writing and should not have advised petitioner to sign the proffer agreement because it undermined the enforceability of the Section 545 offer.  Petitioner argues he was prejudiced by these failures because the Court later denied his motion to specifically enforce the 545 offer.

Petitioner's claim of prejudice relies on a mischaracterization of the record.  Petitioner argues the Court would have enforced AUSA DeTrani's offer of a plea to a violation of Section 545 if it had been in writing or it the proffer agreement had not been signed.  This is not the case.  The record indicates the supervisors at the United States Attorney's Office would not have approved the offer.  (Forney Decl. In Opposition to Motion to Compel Specific Performance, Peak Decl., and Lasater Decl., Doc. No. 41.)  The Court would not have accepted a guilty plea to a

violation of Section 545 because there was no factual basis for such a plea.[1] The Court also found petitioner had not detrimentally relied on the 545 offer for reasons other than his disclaimer of reliance in the proffer agreement. The Court stated: "As far as any prejudice to the defendant, he hasn't pled guilty. He can go to trial in this case. He doesn't have to take the witness stand. So he doesn't have to perjure himself. The government can't use any of this information against him, and I wouldn't let them. He's just trying to get out from under the smuggling case." (Memo. ISO Motion, Ex. C at 13.)[2] Counsel would not have been able to obtain a written offer for a Section 545 plea because AUSA DeTrani's supervisors would not have approved the offer. Even if a written plea offer had been extended, the Court did not have to accept the plea, and the Court would have allowed the government to withdraw the offer. Accordingly, even if petitioner is able to show counsel's performance was deficient in failing to commit the 545 agreement to writing and in signing the proffer agreement, petitioner cannot show prejudice.

2.     <u>Ineffective Assistance of Counsel – Sentencing</u>

Petitioner also claims he received ineffective assistance of counsel from Ms. Baiz when she failed to move for a downward departure based on petitioner's "substantial assistance" under Section 5K1.1 of the United States Sentencing Guidelines. Petitioner claims this failure prejudiced him because of a reasonable probability the Court could have sentenced him below the mandatory minimum of thirty-six months if the motion had been made.

Petitioner again mischaracterizes the record. Petitioner claims counsel should have made a Section 5K1.1 motion because the government earlier indicated it was willing to recommend this departure. Petitioner acknowledges the general rule, articulated by the Ninth Circuit in <u>U.S. v. De</u>

---

[1] The Court stated in the initial hearing: "Finally, I'm not sure that there ever could be a factual basis for failing to declare merchandise, which is – which is required to be declared under the laws of the United States. I mean usually that's merchandise other than clothing or other things. And there's been no representation that there would ever have been a 545 factual basis in this case." (Memo. ISO Motion, Ex. C, at 13.) At the motion for reconsideration, Ms. Baiz indicated there may have been alcohol in the car which would have provided the factual basis. (Memo. ISO Motion, Ex. F, at 5.) The Court denied the motion for reconsideration, and in the instant motion petitioner simply makes the conclusory allegation there was a factual basis for the plea.

[2] The unpublished written opinion of the Ninth Circuit in petitioner's case also belies petitioner's focus on the oral nature of the initial plea offer. (Memo. ISO Motion at 15.) The Ninth Circuit explained petitioner could not show detrimental reliance because he signed the proffer agreement and made a full confession prior to entering any plea negotiation. <u>Solorio-Gonzalez</u>, 188 F. App'x at 635. Then, the Ninth Circuit discussed the written proffer agreement, which supported the court's conclusion petitioner did not rely on the 545 offer.

1  La Fuente, that "a government substantial-assistance motion is generally a prerequisite to [a
2  substantial-assistance departure], and that a district court is 'presumptively without power to
3  circumvent the mandatory minimum' absent a government motion.'" 8 F.3d 1333, 1340 (9th Cir.
4  1993) (internal citations omitted). Petitioner relies, however, on the Court's power to depart
5  downward without such a motion if the government acted unconstitutionally in declining to file the
6  motion. Id.; see also U.S. v. Murphy, 65 F.3d 758, 762 (9th Cir. 1995) ("[T]he government cannot
7  refuse to file such a motion on the basis of an unconstitutional motive (e.g., racial discrimination),
8  or arbitrarily (i.e., for reasons not rationally related to any legitimate governmental interest).").

9        Petitioner does not explain how the government in this case acted unconstitutionally in
10 failing to bring the substantial assistance motion. This alone is sufficient reason to deny the claim.
11 U.S. v. Wade, 504 U.S. 181, 186 (1992) (holding defendant not entitled to relief or an evidentiary
12 hearing if he only makes "generalized allegations of improper motive" regarding the government's
13 failure to bring a substantial assistance motion). The record presents two clear reasons the motion
14 was not filed: first, because the government did not believe petitioner provided substantial
15 assistance,[3] and second, because the offer to make the motion was conditioned on petitioner
16 pleading guilty.[4] Petitioner did not plead guilty, but instead proceeded to trial. Under Murphy,
17 withholding a Section 5K1.1 motion at sentencing because the defendant did not accept a plea
18 bargain is not arbitrary. 65 F.3d at 763 (citing Bordenkircher v. Hayes, 434 U.S. 357 (1978)); see
19 U.S. v. Scholz, 907 F. Supp. 329, 335 (D. Nev. 1995) (denying motion for downward departure
20 where "it appear[ed] that the government's initial offer of a 5K1.1 motion was to stand open only
21 for a limited time."). Accordingly, petitioner has made no factual allegations which, in light of the
22 record, would indicate a reasonable probability the Court would have found the government acted

---

[3] Petitioner's claim relies upon the Court accepting that petitioner provided "substantial assistance." As the only basis for this conclusion, petitioner asserts the government conceded petitioner provided substantial assistance when AUSA Forney indicated his willingness to offer "a few points" under 5K if petitioner pleaded guilty. The record reflects AUSA Forney nevertheless asserted petitioner's assistance was not substantial. Petitioner must do more than make a conclusory allegation he provided "substantial assistance" in order to be entitled to an evidentiary hearing. Wade v. U.S., 504 U.S. 181, 186 (1992) ("It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.").

[4] AUSA Forney stated at the motion hearing: "And I told Ms. Baiz, look, I would be willing to give you a couple of points for 5K. You plead guilty to the non-minimum mandatory count. That's the failure to present, and I would write a 5K letter, and this I have approval for. Write a 5K letter for a couple points off." (Memo. ISO Motion, Ex. C, at 9-10.)

1  unconstitutionally if Ms. Baiz had moved for such a downward departure. Thus, even if counsel's
2  performance was deficient, petitioner has not shown prejudice.

3  3.    Evidentiary Hearing

4  Petitioner is entitled to an evidentiary hearing on his claims "[u]nless the motion and the
5  files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.
6  § 2255; United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). In this case, the files and
7  records of the case show that petitioner's claims of prejudice are unfounded. Accordingly, the
8  Court will not hold an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Clerk of the Court is ordered to close the case. Furthermore, the Court denies petitioner a certificate of appealability.[5]

**IT IS SO ORDERED.**

**DATED: March 27, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[5] See 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").